## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY ALLEN ROWE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CORRECTIONAL OFFICER HYSELL, et al.,)<br>)<br>Defendants. ) | 1:11-cv-00975-SEB-DKL |

**Order Denying Motion for Preliminary Injunction**

**I.**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) that he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

**II.**

In this case, a state prisoner seeks a preliminary injunction requiring the defendants to *continue* to adhere to a specific treatment regimen for his Reflux Esophagitis condition. Specifically, the plaintiff seeks an order requiring Michael Mitcheff, D.O., "to make sure medical staff at the Pendleton Correctional Facility (or any facility Plaintiff may be transferred to) does not stop treating Plaintiff's Reflux Esophagitis condition," and requiring Dr. Mitcheff "and all [his] co-workers . . . to either issue Plaintiff bubble packs of Zantac so that he can self-administer them as needed . . . or dispense Plaintiff's Zantac to him shortly before or shortly after 4 a.m. and 4 p.m."

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520

U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997).

There are various reasons why the issuance of a preliminary injunction such as sought by the plaintiff is not warranted. First, the perpetuation of medical care being provided to an inmate is hardly a subject wanting review or intervention by a federal court. Second, in seeking a particular form of treatment the plaintiff seeks that which the Eighth Amendment does not compel. Third, the relief sought by the plaintiff would not be consistent with the Supreme Court's directions that "federal courts . . . afford appropriate deference and flexibility to state officials trying to manage a volatile environment[.]" *Sandin v. Conner,* 515 U.S. 472, 483 (1995). Fourth, a preliminary injunction involving conditions of confinement at a prison must be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The motion for preliminary injunction seeks relief of such scope—for example, to extend to the plaintiff even if he transferred to another prison--that it is highly unlikely this statutory command could be satisfied.

### III.

The motion for a preliminary injunction and for a temporary restraining order [45] is denied.

**IT IS SO ORDERED.**

Date: 07/25/2012

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Allen Rowe
#116017
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel