# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY ALLEN ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:11-cv-00975-SEB-DKL |
| ) | |
| CORRECTIONAL OFFICER HYSELL, et al.,) | |
| ) | |
| Defendants. ) | |

## Entry Discussing Motion to Appoint Expert Witnesses

Plaintiff Jeffrey Allen Rowe filed this civil rights complaint alleging that the defendants have failed to adequately treat his acid reflux and/or reflux esophagitis. Rowe now requests that the court appoint a gastrointestinal specialist to perform an endoscopy and other necessary tests and exams to assess and diagnose Rowe's condition and to document the damage to the Rowe's esophagus, throat, mouth and gastrointestinal tract. Rowe argues that an expert is necessary because the defendants have minimized his condition as non-serious simple-heartburn. Rowe argues that because he is indigent all fees should be borne by the defendants.

The defendants object to Rowe's motion and argue that Rowe does not require a court order if he wants to have himself examined. Like any other civil litigant, Rowe may utilize the discovery methods prescribed by the *Federal Rules of Civil Procedure*. The defendants argue that forcing them to pay for an expert to assist Rowe in prosecuting his lawsuit against them is unfair, unreasonable, and not contemplated by the *Federal Rules of Civil Procedure*.

The defendants are correct that Rowe's request is not contemplated by the Federal Rules of Civil Procedure, but that is of no consequence because Rowe's request is made pursuant to Federal Rule of Evidence 706. Rule 706 authorizes a court to appoint expert witnesses, *see Ledford v. Sullivan,* 105 F.3d 354, 358 (7th Cir. 1997); it does not authorize the court to compensate expert witnesses out of public funds except as "may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the fifth amendment." Applied to the present case, Rule 706 would permit the court to appoint an expert, but the responsibility for compensation would necessarily be borne by the parties. Because Rowe is indigent the practical effect of this rule is that all costs would necessarily be apportioned to the defendants. *See Ledford*, 105 F.3d at 361 (holding that district courts had authority under Rule 706(b) to "apportion all the cost to one side").

"Generally, if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue, a court will utilize expert witnesses. See Fed. R. Evid. 702." *See Ledford*, 105 F.3d at 358-59. In the present case, the issue posed to the trier-of-fact will be whether the state prison officials were "deliberately indifferent" to Rowe's "serious medical needs." Therefore, in order to establish a violation of the Eighth Amendment, Rowe will need to prove that the state prison officials displayed deliberate indifference toward his illness (reflux esophagitis) and that his illness was serious. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As the Seventh Circuit explained in *Ledford*:

> Because the test for deliberate indifference is more closely akin to criminal law than to tort law, the question of whether the prison officials displayed deliberate indifference toward Ledford's serious medical needs did not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care.

*See Ledford*, 105 F.3d at 359 (citing *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986)). Rowe's complaints of chronic excruciating pain caused by "reflux esophagitis" are not beyond a lay person's grasp. Whether Rowe's condition was so serious or painful that it demanded a steady supply of Zantac (at a certain time of day) is not so complex that Rowe requires the appointment of an expert. Given the medical records that exist and Rowe's ability to testify on his own behalf regarding the symptoms he experienced, appointing an expert witness would not substantially aid the court. Rowe's **motion to appoint an expert [36] is denied**.

**IT IS SO ORDERED.**

Date: 09/24/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Jeffrey Allen Rowe
Pendleton - CF
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064