## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY ALLEN ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:11-cv-00975-SEB-DKL |
| ) | |
| CORRECTIONAL OFFICER HYSELL, et al.,) | |
| ) | |
| Defendants. ) | |

### Entry Discussing Motion for Summary Judgment

Plaintiff Jeffrey Allen Rowe ("Rowe") has been incarcerated at the Pendleton Correctional Facility ("PCF") at all times relevant to this action. In his second amended complaint, Rowe named ten defendants. He alleges that the defendants were deliberately indifferent to his serious medical needs. Rowe seeks money damages, a declaratory judgment and injunctive relief. Three of those defendants, Dr. Michael Mitcheff, Health Care Administrator Mary Mansfield, and Healthcare Administrator Lisa Gibson (collectively the "medical defendants") seek resolution of this action through summary judgment.

For the reasons explained below, the defendants' motion for summary judgment [50] is **granted.** The defendants are entitled to judgment as a matter of law on the claim that they were deliberately indifferent to Rowe's serious medical needs. This ruling, however, does not resolve all claims against Gibson nor does it resolve all claims against other parties.

### I.  Standard of Review

"As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears "the initial responsibility of informing the district court of the basis for its motion," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. However, the moving party is not

required to negate those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof. *Id.* at 323. Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney,* 526 F.3d at 1104 (citing cases). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007). "The mere existence of a factual dispute is insufficient to overcome a motion for summary judgment; instead the nonmovant must present definite, competent evidence in rebuttal." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012).

"In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party." *Harney,* 526 F.3d at 1104 (citations omitted).

## II.  Material Facts Not in Dispute

On October 28, 2009, Elton Amos, M.D. ("Dr. Amos") examined Rowe for complaints of epigastric discomfort. During this examination, Dr. Amos prescribed Zantac 150 mg (also known as Ranitidine) for 90 days. Dr. Amos did not categorize Rowe's reflux esophagitis as a chronic care condition on Rowe's medical record.

Between October 28, 2009, and July 4, 2011, Rowe regularly received his Zantac prescription twice daily. On or about April 12, 2010, Rowe's Zantac prescription was confiscated from his cell by correctional facility staff. After that date, Rowe continued receiving his Zantac from nursing staff during medication rounds.

On January 22, 2011, Correctional Officer Hysell confiscated Zantac from Rowe because Rowe was reclassified to a different medical classification code.[1]

On or about July 3, 2011, medical staff refused to refill Rowe's Zantac

---

[1] Executive Directive #09-68 (effective November 2009) states that offenders in segregation on psychotropic medication must be provided their medication at scheduled medication line times. Dkt. 44-5.

prescription.

In response to two Requests for Health Care Rowe signed on July 3, and 6, 2011, regarding his Zantac prescription, Rowe was informed that he should purchase Zantac from the prison commissary, because he did not have a chronic care diagnosis to support the continued use of Zantac. Rowe indicated that he was indigent and could not afford to purchase Zantac from the prison commissary.

Despite the fact that he did not have a chronic care diagnosis to support the continued use of a convenience medication such as Zantac, on August 2, 2011, Dr. Wolfe prescribed additional Zantac for Rowe. Since August 2, 2011, Rowe has continued to receive Zantac twice daily.

Each Zantac pill is fully effective for twelve hour increments of time. Zantac does not have to be taken before or with a meal to be effective. Providing Rowe with his Zantac twice daily during nursing medication rounds, i.e. approximately 9:30 a.m. and 9:30 p.m., is sufficient and appropriate to treat Rowe's acid reflux symptoms. Pursuant to the expert opinion of Dr. William Wolfe, the medical care being provided to treat Rowe's acid reflux is reasonable, appropriate, and well within the standard of care.

### III. Discussion

Rowe's second amended complaint alleges two claims which are relevant to the motion for summary judgment presently before this Court. First, Rowe alleges that he was denied constitutionally adequate medical care when his Zantac was confiscated from his cell and he was required to receive Zantac from a nurse at around 9:30 a.m. and 9:30 p.m. He makes this claim against defendants Dr. Mitcheff, Mansfield and Gibson. Second, Rowe alleges Gibson denied him constitutionally adequate medical care by refusing to renew his prescription for Zantac for a month, beginning on or about July 3, 2011.

The constitutional provision pertinent to Rowe's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). In order for an inmate to state a claim under 42 U.S.C. § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). For the purpose of this motion for summary judgment, the court assumes that the pain Rowe suffers from acid reflux is a serious medical need.

The question then is whether the medical defendants were deliberately indifferent to Rowe's acid reflux. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*). A corollary to the elements of deliberate indifference is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (citations and internal quotations omitted). "Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

### 1.   **Zantac Distribution**

When the Zantac was first prescribed, Rowe could keep it in his cell. He was instructed to take the medicine twice a day: one pill right before or after breakfast and one pill right before or after dinner. Rowe alleges that the medical defendants were deliberately indifferent to his acid reflux when they no longer allowed him to carry Zantac with him so that he could take it as needed or, in the alternative, when they failed to provide him with Zantac either before or during his meals, which are at approximately 4:00 a.m. and 4:00 p.m.[2] Instead, Rowe's Zantac is provided at 9:30 a.m. and 9:30 p.m. every day by the nursing staff during medication rounds. Rowe alleges that not being able to take Zantac right before or after his breakfast

---

[2] This case was originally filed in state court on June 2, 2011. Rowe was given two opportunities to amend his complaint, the most recent of which was March 22, 2012. Rowe's healthcare requests and this litigation have consistently addressed Rowe's specific dissatisfaction with the dispensation of Zantac. This observation is necessary because in response to the pending motion for summary judgment, Rowe attempts to alter his claim by arguing that because he was complaining of acid reflux pain, the defendants should have known that Zantac was not effective and provided him with different or additional medical care, including diagnostic testing. Rowe argues that ignoring his complaints and proceeding with a course of treatment that they knew was ineffective cannot be said to be appropriate and within the standard of care. Rowe will not be permitted to amend his claims through his response to the pending motion for summary judgment. At some point, all pleadings must be final. For Rowe, that time is now.

and dinner caused him extreme pain. Rowe argues that his medication must be taken before or during his meals to be effective, consistent with Dr. Amos's instruction. The medical defendants argue that Rowe's argument is inconsistent with medical evidence and that there is no evidence that the medical defendants were deliberately indifferent to Rowe's acid reflux symptoms.

Based on the undisputed facts, the defendants are entitled to judgment in their favor on this claim. The expert medical opinion of Dr. Wolfe attests to the fact that Zantac is fully effective for twelve hour increments of time and does not need to be taken prior to or during a meal to be effective. Thus, providing Rowe with his Zantac during the nurses' medication rounds is well within the standard of care and fully effective to treat his heart burn symptoms. That is all Rowe is guaranteed by the Eighth Amendment. While Rowe is entitled to reasonable measures to meet a substantial risk of serious harm, he "is not entitled to demand specific care" and "is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Under these circumstances, no defendant can be found to be deliberately indifferent to Rowe's acid reflux based on the distribution of his medication under the circumstances presented.

### 2.     **Refusal to Refill Prescription**

Rowe alleges that defendant Lisa Gibson, a Health Care Administrator,[3] denied him constitutionally adequate medical care by refusing to renew his prescription for Zantac for a month. Gibson's alleged responsibility for this failure apparently arose out of her July 29, 2011, response to Rowe's July 10, 2011, grievance. Dkt. 63 at p. 7. In that grievance Rowe stated that his acid reflux condition was not being treated. In response, Gibson stated that she reviewed Rowe's medical records and spoke with Dr. Wolfe and determined that Rowe was receiving the appropriate medications for his condition and was being treated appropriately. Dkt. 6 4-5 at p.2. Rowe describes this response as a lie because at that time he was not receiving any medication, but days later on August 2, 2011, Rowe began receiving Zantac twice daily as prescribed by Dr. Wolfe.

Gibson is entitled to judgment as a matter of law on the claim that she failed to renew Rowe's prescription for the following reasons. First, there is no evidence that as a Health Care Administrator she had the authority to renew prescriptions. Second, she responded appropriately to Rowe's grievance and days later he was provided the relief requested. There is no evidence upon which a reasonable fact finder could conclude that Gibson was deliberately indifferent to Rowe's serious medical need or that she delayed or hindered any necessary treatment. To the contrary, the grievance was responded to on a Friday and the following Tuesday, Rowe was receiving the requested medication.

---

[3] This claim is not alleged against the other two medical defendants, Dr. Mitcheff and Mary Mansfield.

## IV. Conclusion

For the reasons set forth above, defendants Dr. Mitcheff and Mansfield are entitled to judgment as a matter of law as to all claims alleged against them.

Defendant Gibson is entitled to judgment as a matter of law on the Eighth Amendment claims.

Rowe also alleges that Gibson refused to renew his prescription for Zantac between July 3, 2011, and August 2, 2011, in retaliation for filing this lawsuit. The retaliation claim is not addressed by either party in their briefing. This claim of retaliation remains against Gibson.

Similarly, claims against defendants Hysell, Vaisvilas, Scaife, Dotson, Deeds, Wolfe, and Perry remain. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 03/26/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel