UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REV. JEFFREY ALLEN ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:11-cv-00975-SEB-DKL |
| | ) |
| ROSE VAISVILAS, WAYNE SCAIFE, | ) |
| LISA GIBSON, DEB DOTSON, | ) |
| CHRIS DEEDS, DOCTOR WOLFE, | ) |
| MELISSA "MISSY" PERRY, | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Plaintiff's Second Motion for Summary Judgment**

Plaintiff Jeffrey Allen Rowe ("Rowe") has been incarcerated at the Pendleton Correctional Facility ("PCF") at all times relevant to this action. In his second amended complaint filed March 22, 2012, Rowe alleges that the defendants were deliberately indifferent to his serious medical needs. The dispute arises out of Rowe's access to Zantac to treat his acid reflux.[1] Rowe seeks money damages, a declaratory judgment and injunctive relief.

Currently before the court is Rowe's motion for summary judgment seeking judgment as a matter of law against defendant Rose Vaisvilas, Director of Health Services for the Indiana

---

[1] This case was originally filed in state court on June 2, 2011. Rowe was given two opportunities to amend his complaint, the most recent of which was March 22, 2012. Rowe's healthcare requests and this litigation have consistently addressed Rowe's specific dissatisfaction with the dispensation of Zantac. This observation is necessary because Rowe is apparently attempting to alter his claim by arguing that because he was complaining of acid reflux pain, the defendants should have known that Zantac was not effective and provided him with different or additional medical care, including diagnostic testing. At this point in the litigation, Rowe goes so far as to admit that Zantac, in general, is not effective at relieving his symptoms. The court held in the Entry of March 18, 2013, that Rowe will not be permitted to amend his claims further in this action. Nothing in this ruling limits Rowe's ability to initiate a new civil action to address claims outside the scope of this litigation.

Department of Correction. Rose Vaisvilas denies that she is liable to Rowe. For the reasons explained below, Rowe's motion for summary judgment [Dkt. No. 82] is **denied.**

Consistent with the Entry of April 3, 2013, the court will issue a case management plan in the near future. That plan will include a dispositive motion deadline. This Entry resolves Rowe's second motion for summary judgment. Rowe may (but is not obligated to) file one additional dispositive motion. If Rowe chooses to file such a motion it should address all appropriate claims and defendants. Repetitive motions for summary judgment are time consuming and inefficient. Additional motions for summary judgment should not be anticipated.

## I.  Summary Judgment Standard

The motion for summary judgment in this civil rights action, as with any such motion, must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007). AIn evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party.@ *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008).

## II.  Material Facts

Rowe's second amended complaint alleges that Rose Vaisvilas works for the Indiana Department of Correction's Health Care Services. His claim against Vaisvilas is based on her response to a grievance appeal filed by Rowe related to the dispensation of Zantac for Rowe's

acid reflux.

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Vaisvilas as the non-moving party. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Vaisvilas is the Director of Health Services for the Indiana Department of Correction. As such she "is responsible for the overall administration of health care services in the Department." She monitors the contract with Correctional Medical Services; writes policies and procedures and health care services directives; processes offender grievances; handles offender correspondences and processes medical clemency requests.

On October 28, 2009, Elton Amos, M.D. ("Dr. Amos") examined Rowe for complaints of epigastric discomfort. During this examination, Dr. Amos prescribed Zantac 150 mg (also known as Ranitidine) for 90 days.

On January 22, 2011, Correctional Officer Hysell confiscated Zantac from Rowe because Rowe was reclassified to a different medical classification code consistent with Executive Directive #09-68 (effective November 2009), which states that offenders in segregation on psychotropic medication must be provided their medication at scheduled medication line times. Dkt. 44-5.

On February 14, 2011, Rowe submitted a grievance appeal that complained that (1) the confiscation of medically-provided Zantac, in accordance with policy is irrational because if the plaintiff had the money to do so, he could order, possess and self-administer Zantac off of the prison's commissary; (2) Rowe experiences five or more hours of extremely painful reflux every day—even though nurses dispense Zantac to Rowe at about 9:30 a.m. and 9:30 p.m. (Compl. ¶¶

26 and 32).

On March 4, 2011, Ms. Vaisvilas denied that grievance appeal stating that the practice is consistent with policy requiring that medicine be administered at the medication line times when the patient is in segregation and has been diagnosed with a mental condition. *See* Dkt. Nos. 44-5, Exhibit A (Executive Order 09-68).

### III. Discussion

The constitutional provision pertinent to Rowe's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). In order for an inmate to state a claim under 42 U.S.C. § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). For the purpose of this motion for summary judgment, the court assumes that the pain Rowe suffers from acid reflux is a serious medical need.

The question then is whether Rose Vaisvilas was deliberately indifferent to Rowe's acid reflux. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*). A corollary to the elements of deliberate indifference is that the defendant can only be liable for the actions or

omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

Viewing the facts in the light most favorable to Vaisvilas, a jury could reasonable conclude that she was not deliberately indifferent to Rowe's acid reflux. A jury could conclude that she is not a medical provider and that she acted reasonably in responding to Rowe's grievance appeals because she was not aware of a substantial risk to Rowe's health and she believed Rowe was simply complaining about the time in which he receives medication. In addition, Rowe was prescribed Zantac to be taken twice daily and he was receiving Zantac twice daily. A reasonable jury could conclude that Vaisvilas's refusal to overrule the facility's medical staff on the issue of distribution of medication was reasonable and not a reflection of any deliberate indifference to Rowe's health.

## IV. Conclusion

Rowe has failed to show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Accordingly, his second motion for summary judgment [Dkt. No. 82] is **denied.**

**IT IS SO ORDERED.**

Date: 05/15/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel