UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROSE VAISVILAS, WAYNE SCAIFE, )<br>LISA GIBSON, DEB DOTSON, )<br>CHRIS DEEDS, DOCTOR WOLFE, )<br>MELISSA '"MISSY" PERRY, )<br>)<br>Defendants. ) | Case No. 1:11-cv-00975-SEB-DKL |

**Entry Granting Gibson's Second Motion for Summary Judgment**

This matter is before the Court on defendant Lisa Gibson's second motion for summary judgment. Through this motion, Ms. Gibson seeks to resolve the sole remaining claim of retaliation alleged against her by plaintiff Jeffrey Allen Rowe. Specifically, Mr. Rowe alleges that Ms. Gibson refused to refill his Zantac prescription between July 3, 2011, and August 2, 2011, in retaliation for filing this lawsuit. See Second Am. Compl. at ¶¶ 52 and 53. For the reasons explained below, Ms. Gibson's second motion for summary judgment [dkt. 120] is **granted.**

**Discussion**

The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In this case, Ms. Gibson has met her burden through her unopposed motion for summary judgment. *Smith v.*

*Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Mr. Rowe has conceded to Ms. Gibson's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f), of which Mr. Rowe was notified. See dkt. 119. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The undisputed record shows that in a letter dated July 6, 2011, Mr. Rowe, an inmate at the Pendleton Correction Facility, requested Ms. Gibson's assistance in refilling his prescription for Zantac. At that time, Ms. Gibson was the Health Services Administrator at Pendleton Correctional Facility. She does not have a nursing or medical degree and is neither licensed, nor authorized, to prescribe, renew, refill, or alter medication prescriptions. At the time of his letter to Ms. Gibson, Mr. Rowe did not have a chronic care condition or prescription warranting the refill of Zantac. In her response, Ms. Gibson advised Mr. Rowe that he would need to purchase Zantac from commissary if he wished to continue taking it. At the time Ms. Gibson responded to Mr. Rowe's letter in July of 2011, she was not aware that Mr. Rowe had filed this lawsuit. Ms. Gibson's response to Mr. Rowe's July 6, 2011, letter would have been the same, regardless of whether or not he had filed this lawsuit.

In order to succeed on his retaliation claim against Ms. Gibson, Mr. Rowe must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *see also Mays v.*

*Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). In this case, there is no evidence upon which a reasonable jury could conclude that Ms. Gibson knew of Mr. Rowe's protected activity or that the protected activity was a substantial or motivating factor in her decision to take an adverse action against him. *See Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). To the contrary, Ms. Gibson did not have the authority to refill Mr. Rowe's prescription and her alleged actions were not of the sort that would deter a person of ordinary firmness from participating in future protected activity.

In these circumstances, there was no violation of Mr. Rowe's federally secured rights and no reasonable jury could conclude otherwise. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). Accordingly, Ms. Gibson's second motion for summary judgment [dkt. 120] is **granted.**

This Entry resolves all claims against Ms. Gibson, but not all claims against all parties. Accordingly, no partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: _10/04/2013_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
Reg. No. 116017
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel