# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:11-cv-00975-SEB-DKL |
| ROSE VAISVILAS, WAYNE SCAIFE, LISA GIBSON, DEB DOTSON, CHRIS DEEDS, DOCTOR WOLFE, MELISSA '"MISSY" PERRY, | ) |
| Defendants. | ) |

## Entry Granting Defendants Wayne Scaife and Rose Vaisvilas' Motion for Summary Judgment

Plaintiff Jeffrey Allen Rowe ("Rowe") was incarcerated at the Pendleton Correctional Facility at all times relevant to this action. In his second amended complaint filed March 22, 2012, Rowe alleges that defendants Wayne Scaife and Rose Vaisvilas were deliberately indifferent to his serious medical needs based on the fact that they allowed medication for Rowe's heartburn symptoms to be provided every twelve hours as proscribed at 9:30 a.m. and 9:30 p.m. on nursing rounds instead of providing it at 4:00 a.m. and 4:00 p.m. Second, Rowe alleges that Scaife and Vaisvilas retaliated against him for filing this civil action in violation of his First Amendment rights. Specifically, Rowe argues that in refusing to refill his prescription when it ran out and by denying his grievances and allowing him to go without his medication; the defendants retaliated against him. Defendants Wayne Scaife and Rose Vaisvilas (the "defendants") deny Rowe's allegations and seek resolution of the claims alleged against them through summary judgment.

For the reasons explained below, the defendants' unopposed motion for summary judgment [dkt. 138] is **granted.**

## I. Summary Judgment Standard

The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

In this case, the defendants have met their burden through their unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, the plaintiff has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Material Facts

At all relevant times to the Complaint, Rowe was incarcerated at the Pendleton Correctional Facility ("Pendleton"), Defendant Wayne Scaife was a Grievance Executive Assistant at Pendleton and Rose Vaisvilas was the Director of Health Services for the Indiana Department of Correction ("IDOC").

Vaisvilas is not a medical doctor. She does not have authority to provide medical treatment or to write or fill any prescription for any offender at Pendleton. Her job responsibilities include: (1) monitoring the CMS contract; (2) writing policies, procedures, and health care directives; (3) processing offender grievances; (4) handling offender correspondence; and (5) processing medical emergency requests.

On October 28, 2009, Elton Amos, M.D. ("Dr. Amos") examined Rowe for complaints of epigastric discomfort or heartburn. Dr. Amos prescribed Zantac 150 mg for 90 days to address Rowe's heartburn symptoms.

On or about April 12, 2010, Rowe's Zantac prescription was confiscated from his cell by correctional facility staff because Rowe had been failing to take it as prescribed. After Rowe's Zantac was confiscated, Rowe continued receiving his Zantac from nursing staff during medication rounds at approximately 9:30 a.m. and 9:30 p.m. daily.

On January 22, 2011, Correctional Officer Hysell confiscated additional Zantac from Rowe because Rowe was in segregation and on psychotropic medication. Pursuant to IDOC policy, offenders in segregation on psychotropic medication must be provided their medication at scheduled medication line times.

On January 31, 2011, Rowe submitted a formal grievance to Defendant Scaife alleging that (1) the January 22, 2011 confiscation of his Zantac, in accordance with IDOC policy was irrational because if wanted to he could purchase Zantac from the prison commissary; and (2) despite being provided his medication at 9:30 a.m. and 9:30 p.m. he was still experiencing heartburn.

On February 10, 2011, Scaife denied the formal grievance filed by Rowe. On February 14, 2011, Rowe submitted a grievance appeal to Scaife. Scaife forwarded that appeal to Vaisvilas

3

on February 18, 2011. On March 4, 2011, Vaisvilas denied the grievance appeal stating that the confiscation of Rowe's medication was consistent with IDOC policy requiring that medicine be administered at the designated times on nursing rounds when an offender is in segregation and has been diagnosed with a mental condition.

On or about July 1, 2011, Rowe's supply of Zantac ran out. Rowe was then instructed by medical staff to submit a health care request form for a prescription refill. On or about July 3, 2011, Rowe filled out a health care request form asking for his Zantac prescription to be renewed. His request was denied by medical staff the next day. At that time Rowe was advised that he should obtain Zantac from the commissary.

On or about July 6, 2011, Rowe filled out a second health care request form asking for his Zantac prescription to be renewed claiming that he was indigent and could not afford to purchase Zantac from the commissary. His request was denied by medical staff the next day. Rowe was advised that he did not have a diagnosis to support prescription Zantac and that he needed to purchase the medication from the commissary. He was told that he could request assistance from his counselor in obtaining medical commissary.

On July 10, 2011, Rowe submitted a formal grievance to Scaife stating that he was not receiving medication for his acid reflux. Between July 11, 2011 and July 29, 2011, Scaife spoke to medical staff about the grievance and then responded to the grievance by informing Rowe that the medical records had been reviewed, Dr. Wolfe consulted, and it was determined that Rowe was receiving the appropriate medications, that his condition was being treated adequately, and that he always had the option of purchasing Zantac off commissary if he wished. Scaife's decision to deny Rowe's grievance was based upon IDOC policy and the information he was

provided by the medical staff. Scaife would have denied Rowe's grievance regardless of whether he had filed the instant suit.[1]

On July 29, 2011, Rowe submitted a grievance appeal to Scaife pointing out he was not receiving his Zantac and that he could not purchase any from the commissary because he was indigent. Scaife forwarded the grievance appeal to the IDOC Central Office on or about August 2, 2011. Vaisvilas responded to the grievance appeal by informing Rowe that the grievance was denied and that offenders with simple heartburn that does not reach the level of a serious medical condition are expected to purchase Zantac from the commissary. Vaisvilas' decision to deny Rowe's grievance was based on IDOC policy and the information she was provided by Scaife and the medical staff. Vaisvilas denied the grievance appeal for the reasons stated, because she was in agreement with the medical staff's course of action, and because Rowe was receiving adequate care. Vaisvilas would have denied Rowe's grievance appeal regardless of whether or not he had filed the instant suit.

On August 2, 2011, Dr. William Wolfe prescribed additional Zantac for Rowe. Since August 2, 2011, Rowe has continued to receive Zantac twice daily.

Zantac, like Tylenol or Advil, is an over the counter medication that can be purchased at the commissary by any inmate. Each Zantac pill is fully effective for twelve-hour increments of time. Zantac does not have to be taken before or with a meal to be fully effective.

### III. Discussion

There is no doubt that Rowe was entitled to certain constitutional protections while confined at Pendleton, including constitutionally adequate medical care. Rowe has not, however, come forward with a genuine issue for trial as to either his medical care or retaliation claims. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a

---

[1] This civil action was filed on June 2, 2011, in state court.

5

party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.").

### A. Eighth Amendment Claims

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

The defendants have shown that there was no violation of Rowe=s federally secured rights associated with the delivery of necessary medical services to Rowe for his acid reflux. The evidentiary record negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that the defendants were "subjectively aware of [Rowe's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Because of this showing, the defendants are entitled to the entry of summary judgment on Rowe's Eighth Amendment claims.

### B. Retaliation Claim

"To prevail on a First Amendment retaliation claim, [Rowe] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity

was 'at least a motivating factor' in the defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). In this case, Rowe has failed to present any evidence to support his claim that an improper purpose was the motivating factor in Scaife denying his grievance and Vaisvilas denying his grievance appeal pertaining to the renewal of his Zantac prescription. The undisputed facts confirm that the denial of Rowe's grievance and grievance appeal was timely, reasonable, and in accordance with IDOC policy and prevailing medical norms. In any event, the evidentiary record reflects that the defendants would have taken the challenged actions in the absence of the protected conduct. *See Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004). Accordingly, defendants Scaife and Vaisvilas are entitled to summary judgment on Rowe's retaliation claim.

### IV. Conclusion

"Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *cert. granted* 513 U.S. 1071 (1995). That is precisely the situation with respect to the present claims, and the defendants' motion for summary judgment must be **granted**.

This Entry does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 04/22/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel